JOSÉ AGUSTÍN MIRANDA, demandante, apelante y apelado, *v.* MARÍA ECHEGARAY VIUDA DE VIERA y sus hijos MARÍA DEL CARMEN, AMADEE, TEODORO y DEOGRACIAS, apellidados Viera y ECHEGARAY, representados éstos por su madre mencionada, demandados, apelados y apelantes.

Núm. 8777.—*Sometido:* Diciembre 10, 1943. *Resuelto:* Enero 18, 1944.

*L. Morales Contreras y D. Guerrero Noble,* abogados del apelante apelado; *Rafael Soltero Peralta,* abogado de los apelados apelantes.

EL JUEZ PRESIDENTE INTERINO SEÑOR TRAVIESO emitió la opinión del tribunal.

En agosto 5 de 1939 don Teodoro Viera y su esposa María Echegaray, de una parte, y el demandante José Agustín Miranda, de la otra, celebraron por escrito un contrato de "Opción de Venta" mediante el cual los primeros se obligaron a vender al segundo un solar de 1,965.28 metros cuadrados, radicado en Hato Rey, término municipal de Río Piedras, por el precio convenido de $750. Las cláusulas pertinentes de dicho contrato son:

1ª. Los esposos Viera se obligaron a vender el solar "tan pronto la Federal Home Administration a través del Banco Popular de Puerto Rico, acepte dicho solar para la construcción, de una casa que se hará con dinero tomado a préstamo de dicha Agencia Federal".

2ª. El contrato quedará rescindido y sin efecto solamente en los siguientes casos: (1) si al tiempo de otorgarse la escritura surgiere algún impedimento legal en los títulos, en cuyo caso el Sr. Viera no estaría obligado a responder de daños y perjuicios; (2) en el caso de que la solicitud de préstamo radicada en el Banco Popular no fuera aprobada por dicho Banco o por la Federal Housing Administration; y (3) en el caso de que el solar no fuera aceptable a dichas instituciones y se deniegue el préstamo.

Habiendo fallecido el Sr. Viera antes de que pudiera consumarse el citado contrato, en mayo 13 de 1941 José Agustín Miranda radicó demanda ante la Corte de Distrito de San Juan contra los componentes de la Sucesión Viera. Después de exponer los hechos que ya hemos relatado, alega el demandante como primera causa de acción que los demandados

aceptaron la herencia de Viera y tomaron posesión de los bienes y entre ellos del solar objeto del contrato; que no ha habido ni hay impedimento legal alguno en el título del solar que impida la celebración del contrato de compraventa; que con el propósito de llevar a cabo dicho contrato, el demandante Miranda solicitó el préstamo, no habiendo sido éste rechazado o desaprobado ni por el Banco Popular ni por la Federal Housing Administration; y que si el préstamo no ha sido aprobado se ha debido a la negligencia de los demandados en suministrar los datos requeridos por dichas instituciones. Alegó además, que con el fin de no tener que depender del mencionado préstamo, el demandante depositó en el Banco Popular a disposición de los demandados la suma de $750, notificándoselo así por escrito; y, por último, que no obstante haber sido requeridos en varias ocasiones para que otorguen escritura de venta al demandante, los demandados se han negado a cumplir el contrato.

En una alegada segunda causa de acción el demandante reclama $1,500 por daños que dice haber sufrido, más las costas y honorarios.

Pide el demandante que se condene a los demandados a otorgar escritura de venta del solar a favor del demandante y al pago de las sumas reclamadas.

Desestimada la excepción previa de falta de causa de acción, contestaron los demandados negando los hechos esenciales de la demanda y alegando como defensas especiales: (a) que el contrato quedó sin efecto por haberse cumplido las condiciones resolutorias contenidas en el mismo y por el tiempo transcurrido sin que se hiciera uso de la opción; (b) que los demandados no se comprometieron a suministrar datos al Banco como condición para la aprobación del préstamo; (c) que es práctica seguida por la mencionada Agencia Federal aprobar o rechazar las solicitudes de préstamos dentro de los tres meses siguientes a la fecha de su radicación; (d) que sería física y legalmente imposible cumplir el con-

trato, por cuanto el solar que en el mismo se describe formaba parte de una parcela mayor de 10 cuerdas, la cual fué dividida entre los herederos de Viera, quienes traspasaron sus respectivas porciones a terceras personas.

Tan pronto como fué notificado de la anterior contestación a su demanda, el demandante, previo permiso de la corte, radicó una demanda complementaria en la que alega que él solar que él tiene derecho a reclamar tiene en la actualidad un valor de $5,895.84. Pide que en el caso de que a los demandados no les sea posible otorgarle escritura del solar, se les condene a pagar al demandante el valor del mismo, menos la suma de $750, precio convenido en el contrato. Los demandados contestaron negando específicamente los hechos alegados en la demanda complementaria.

En noviembre 17 de 1942, la corte inferior dictó sentencia desestimando la demanda, e imponiendo las costas al demandante. Apelaron los demandados, alegando no estar conformes con los fundamentos de la sentencia. Nada han hecho los demandados para perfeccionar su recurso, no habiendo radicado alegato alguno ni comparecido al acto de la vista, y por esos motivos debe ser desestimado.

Para sostener el recurso por él interpuesto, el demandante alega que la corte inferior erró al resolver que no existía un contrato con obligaciones recíprocas; al confundir el término del plazo del contrato con una obligación condicional; al apreciar el valor del solar; y al dictar una sentencia errónea y contraria a derecho.

Creemos innecesario entrar en una minuciosa discusión de cada uno de dichos señalamientos, porque a nuestro juicio si algún error cometió la corte inferior fué el de no haber sostenido la excepción previa y declarado sin lugar la demanda, por no ser los hechos en ella alegados suficientes para constituir una causa de acción.

El contrato cuyo cumplimiento específico se pide es una simple opción de venta, en la que el dueño de un inmueble

se compromete a venderlo a otra persona, por un precio convenido, cuando se cumpla con una condición expresa del contrato, o sea ''tan pronto la Federal Home Administration, a través del Banco Popular de Puerto Rico, acepte dicho solar para la construcción de una casa que se hará con dinero tomado a préstamo a dicha Agencia Federal''.

Hemos leído cuidadosamente la demanda y no encontramos en ella alegación alguna al efecto de que la Federal Home Administration aceptara en momento alguno el solar en cuestión para la construcción en el mismo de una casa con dinero que para ese fin había de suministrar la mencionada institución. Mientras esa condición permaneciera incumplida, los demandados no estaban obligados a vender el solar al demandante. La aceptación del solar y la concesión del préstamo por la agencia federal era una condición importante para los que se habían comprometido a venderlo al demandante. Los terrenos de la Sucesión Viera, según aparece de la prueba practicada, estaban dedicados a una urbanización, y era natural que los dueños de dichos terrenos exigiesen como condición para el traspaso de un solar que éste fuese previamente aceptado para edificar allí con fondos federales, pues así tendrían la seguridad de que las edificaciones se habrían de ajustar a normas, planos y condiciones aprobados por la agencia federal.

La deficiencia en las alegaciones de la demanda no fué subsanada por la prueba. El Sr. Juan Silva Negrón, tasador de la Federal Housing Administration y testigo del demandante declaró que él fué a ver los terrenos de los demandados ''para ver si cualificaban para el préstamo''; que el resultado de su investigación fué que el terreno nunca fué aprobado como urbanización aceptable para préstamos, por no haberse llenado los requisitos exigidos por la Federal Housing Administration; que no se puede conceder un préstamo si el sitio no ha sido aceptado previamente; que el solar en cuestión no fué nunca aceptado por la Federal Housing Ad-

ministration; y que el demandante Miranda no radicó ninguna solicitud de préstamo en relación con los terrenos de Viera.

■ La alegación de la demanda de que si el préstamo a favor del demandante no fué aprobado se debió a la negligencia de los demandados en suministrar los datos requeridos por el Banco y por la Agencia Federal, no está sostenida por la evidencia. Además, no encontramos en ninguna de las cláusulas del contrato entre las partes que los demandados se obligaron en modo alguno a suministrar informes para ayudar al demandante a contratar un préstamo.

■ No erró a nuestro juicio la corte sentenciadora al resolver que el contrato entre las partes no contenía obligaciones recíprocas. Viera y su esposa se comprometieron a vender el solar al demandante por $750, si se cumplía la condición, o sea si el solar era aceptado para construir una casa con fondos federales. No aparece del contrato que el demandante pagara cantidad alguna o se comprometiera a hacer algo como causa o consideración para la opción de compra que se le concedía. Ni siquiera aparece que el demandante se obligara a comprar el solar tan pronto éste fuera aceptado por la Federal Housing Administration.

*La sentencia recurrida debe ser confirmada.*

El Juez Asociado Sr. Snyder no intervino.