DONATO MARTÍNEZ y PABLO CRUZ, demandantes y apelantes, *v.* CASTO RAMÍREZ, ALCAIDE DE LA CÁRCEL DE DISTRITO DE HUMACAO, demandado y apelado.

Núm. 9097.—*Sometido:* Febrero 1, 1945. *Resuelto:* Febrero 9, 1945.

*Donato Martínez* y *Pablo Cruz*, por su propio derecho; *R. A. Gómez, Fiscal del Tribunal Supremo*, abogado del apelado.

EL JUEZ ASOCIADO SEÑOR TODD, JR., emitió la opinión del tribunal.

Donato Martínez y Pablo Cruz fueron convictos por un jurado en la Corte de Distrito de Humacao y sentenciados el 23 de mayo de 1941 a cumplir dos años y seis meses y un año y seis meses de presidio, respectivamente, por un delito de atentado a la vida.

El 22 de septiembre de 1944 o sea tres años y tres meses después de haber sido sentenciados los acusados, la corte inferior al ser informada que del expediente del caso no apa-

recía que ellos hubieran apelado de la sentencia para ante esta Corte Suprema, ni que hubieran prestado fianza alguna, ordenó la encarcelación de los acusados para que empezaran a cumplir la sentencia. Radicaron entonces los acusados una petición de hábeas corpus alegando que su prisión era ilegal, 1ro. porque ellos habían apelado de la sentencia para ante la Corte Suprema y prestado fianza en apelación y 2do. porque no tuvieron la debida y adecuada representación legal. Expedido el auto y celebrada la vista correspondiente, la corte inferior dictó sentencia desestimando la petición. Los peticionarios establecieron el presente recurso de apelación.

■■■ No obstante haber sido notificados los apelantes de que el legajo de la sentencia había sido radicado en la Secretaría de esta Corte desde el día 19 de enero de 1945, los apelantes no han radicado su alegato exponiendo los motivos o fundamentos de su recurso. Tampoco se ha radicado la transcripción de la evidencia presentada en la corte inferior. Esto sería suficiente para que desestimemos la apelación. Empero, por tratarse de un procedimiento de hábeas corpus hemos examinado el legajo de la sentencia con detenimiento y en el *return* que al auto originalmente expedido por la corte inferior hizo el alcaide de la cárcel encontramos que se hace constar, en parte, lo siguiente:

"Que los antes referidos peticionarios ingresaron en esta cárcel en 23 de mayo de 1941 a virtud de una sentencia de DOS AÑOS Y SEIS MESES DE PRESIDIO a Donato Martínez y UN AÑO Y SEIS MESES a Pablo Cruz, Causa No. 14110, por el delito de ATENTADO A LA VIDA, dictada en 23 de mayo de 1941.—Que en 31 de mayo de 1941 se recibió información del Sr. Mariano Acevedo Zeno, Secretario de esta Hon. Corte en ese entonces y en carta fechada en 29 de mayo de 1941, notificando que los sentenciados Donato Martínez y Pablo Cruz habían radicado recurso de apelación de la sentencia impuéstales por esta Hon. Corte en 23 de mayo de 1941. A virtud de lo cual, los peticionarios quedaban detenidos en calidad de sumariados.—Que en 9 de junio de 1941, Pablo Cruz y en 10 del mismo junio Donato Martínez, fueron excarcelados, por haber prestado fianza en grado de apelación."

Dadas las circunstancias concurrentes tenemos que asumir que la corte inferior al desestimar la petición de hábeas corpus en este caso lo hizo porque se le demostró que en los autos del caso criminal no existían ni el escrito de apelación ni el documento de fianza a que se hace referencia en el return. Sin embargo, estos hechos presentan una cuestión importante que esta corte no puede ni debe dejar pasar desapercibida.

Los hechos expuestos en el return del alcaide de la cárcel están tomados de los documentos oficiales obrantes en el expediente personal de los acusados al ser ingresados en dicha institución. De ellos aparece que el alcaide recibió una carta del entonces Secretario de la Corte de Distrito de Humacao Sr. Mariano Acevedo Zeno informándole que los acusados aquí peticionarios habían apelado para ante la Corte Suprema el día *29* de *mayo* de 1941 y además que en los días *9 y 10* de *junio* de 1941 ellos habían prestado fianza en apelación. Fué a virtud de estos documentos oficiales que el alcaide puso en libertad a los acusados. Si en los autos originales del caso criminal en la corte inferior no aparecen dichos documentos oficiales la situación presenta las alternativas siguientes: 1ro. existieron y se traspapelaron por negligencia del entonces secretario de la corte perjudicando así derechos reconocidos por nuestras leyes a todo acusado que ha apelado de la sentencia que se le ha impuesto o perjudicando el derecho reconocido a El Pueblo de Puerto Rico de solicitar a su debido tiempo la desestimación de la apelación interpuesta, o 2do. no existieron y es falsa la notificación que hiciera el entonces secretario de la corte inferior al alcaide de la cárcel y en su consecuencia los aquí peticionarios han estado en libertad durante más de tres años ilegalmente. Consideramos que lo ocurrido en este caso debe ser esclarecido mediante la debida investigación que practique el Procurador General.

*Debe desestimarse el recurso y confirmarse la sentencia apelada.*