Alfonso Sánchez, demandante y recurrido, *v.* Lydia Soler Fajardo y Otros, Carlos Morales Berríos, etc., terceros demandados y recurrentes.

*Número:* 12869   *Resuelto:* 20 de febrero de 1963

*J. M. Valentín Esteves* y *Antonio A. Simonpietri,* abogados de la Transcontinental Insurance Co., tercera-demandada y recurrente; *Ángel Viera Martínez,* abogado de Carlos Morales Berríos y Carlos Morales Martínez; *F. Fernández Cuyar,*

abogado del recurrido; *Enrique Báez García,* abogado de Lydia Soler Fajardo y Gabriel C. Soler.

Sala integrada por el Juez Asociado Señor Pérez Pimentel como Presidente de Sala y los Jueces Asociados Señores Rigau y Dávila.

EL JUEZ ASOCIADO SEÑOR PÉREZ PIMENTEL emitió la opinión del Tribunal.

Alrededor de las diez y media de la noche del día 2 de agosto de 1955 ocurrió una colisión entre el automóvil "Chevrolet", tablilla núm. 126–120, propiedad de Gabriel C. Soler, conducido entonces por su hija Lydia Soler Fajardo y el automóvil "Triumph", licencia número 125–752, propiedad de Alfonso Sánchez y conducido allí y entonces por el menor Carlos Morales Martínez, hijo de Carlos Morales Berríos.

Lydia Soler y su padre Gabriel C. Soler demandaron ante el Tribunal Superior al menor Carlos Morales Martínez, conductor del Triumph y al padre de éste, Carlos Morales Berríos en reclamación de los daños por las lesiones sufridas por Lydia y las averías sufridas por el automóvil de su padre. Más tarde enmendaron su demanda para incluir como demandada a The Royal Indemnity Company, compañía aseguradora de un vehículo de Carlos Morales Berríos, que no estuvo envuelto en el accidente. La teoría de los demandantes era que bajo los términos de la póliza, el automóvil Triumph era un sustituto del automóvil de Carlos Morales Berríos, cubierto por la póliza.

Los demandados contestaron. Morales Berríos y su hijo contra-demandaron a Gabriel C. Soler y a su hija.

Varios días después de haberse instado el pleito por Soler y su hija, Alfonso Sánchez demandó a Lydia Soler Fajardo y a Royal Indemnity Company, aseguradora, según se ha dicho antes del automóvil de Carlos Morales Berríos, reclamando el valor del automóvil Triumph de su propiedad. Contestaron ambos demandados negando los hechos esenciales de la demanda. La Royal Indemnity Co. alegó como defensa especial que la póliza que había expedido no cubría la

responsabilidad, de haberla, de Carlos Morales Martínez o de Carlos Morales Berríos.

Ambos casos fueron consolidados. Carlos Morales Berríos y Carlos Morales Martínez interpusieron demanda de tercero contra Transcontinental Insurance Co. of New York. Alegaron que para la fecha del accidente, la tercera demandada, representada en Puerto Rico por San Miguel y Cía., Inc. había expedido una póliza de seguro, que estaba vigente, que cubría la responsabilidad del demandante Alfonso Sánchez y la responsabilidad de los terceros demandantes Morales Berríos y Morales Martínez en la operación del automóvil Triumph y que de tener razón Alfonso Sánchez en el pleito iniciado por él o de tener razón Soler y su hija en el otro pleito, la única responsable lo sería la Transcontinental Insurance Co. of New York, tercera demandada. En la póliza expedida por esta compañía cubriendo el automóvil Triumph figuraba como asegurado Alfonso Sánchez, hijo, y no su padre Alfonso Sánchez, quien era el dueño del vehículo. La póliza contenía una cláusula colectiva (*omnibus clause*). Contestó la tercera demandada admitiendo que había expedido la póliza pero negó que Carlos Morales, hijo, conducía el automóvil Triumph con permiso o consentimiento del asegurado.

Luego de un juicio en los méritos, el tribunal de instancia dictó sentencia basada, entre otras, en las siguientes conclusiones de hecho:

"CONCLUSIONES DE HECHO

"1.     .     .     .     .     .     .     .     .

"2. Poco antes de dicha colisión el menor Morales se hallaba en una pequeña fiesta en el Club Náutico en compañía de varios amigos, entre los cuales estaba Alfonso Sánchez hijo, quien había llegado hasta el Club Náutico en el automóvil Triumph ya mencionado, el cual era propiedad de su padre, Alfonso Sánchez. Habiendo surgido en el grupo de muchachos la necesidad de usar un automóvil para ir a buscar otros amigos y traerlos a la fiesta, el menor Morales pidió a Alfonso Sánchez hijo, le prestara el carro Triumph para tales fines, accediendo a ello

dicho Alfonso Sánchez hijo. La colisión aludida ocurrió precisamente mientras el menor Morales conducía dicho carro Triumph, después de que Sánchez hijo se lo había prestado.

"3. El choque de automóviles se debió exclusivamente a la negligencia del menor Carlos Morales Martínez, quien conducía el carro Triumph a una velocidad exagerada, no sonó aparato alguno de alarma al llegar a la intersección con la Ave. Luchetti, e intentó cruzarla a pesar de que ya había entrado a la misma el Chevrolet manejado por la Sra. Soler Fajardo.

"4. .    .    .    .    .    .    .    .

"5. A la fecha de dicho accidente el automóvil Triumph que conducía el menor Morales Martínez era propiedad de Alfonso Sánchez, y estaba asegurado por Transcontinental Insurance Co. of N. Y. figurando en la póliza como asegurado Alfonso Sánchez, hijo, y cubriendo dicha póliza la responsabilidad del asegurado por daños a la propiedad ajena y por daños personales a terceros.

"6. Igualmente a la fecha del accidente estaba en vigor una póliza de seguro expedida por Royal Indemnity Co. cubriendo la responsabilidad legal de Carlos Morales Berríos, padre de Carlos Morales Martínez, proveniente de la operación de dos automóviles (no envueltos en este accidente) y cubriendo dicha póliza además la responsabilidad del asegurado en el uso de otros vehículos, aparte de los nombrados en dicha póliza, en los casos en que los vehículos allí nombrados estuvieron en reparaciones, fuera de uso. Esta póliza cubre los riesgos de daños a la propiedad ajena y de daños por lesiones personales a terceros.

"   .    .    .    .    .    .    .    .    .

"11. A la fecha en que ocurrió el accidente Carlos Morales Martínez era menor de edad y vivía en compañía de y bajo la patria potestad de su padre, Don Carlos Morales Berríos. Habiendo ocurrido la colisión por la sola culpa y negligencia de dicho menor, su padre, Carlos Morales Berríos, es responsable en derecho por los daños ocasionados a virtud de dicha culpa o negligencia de su hijo menor.

"12. La póliza de seguro expedida por Transcontinental Insurance Co. of New York a favor de Alfonso Sánchez, hijo cubriendo la responsabilidad de éste por la operación del automóvil Triumph, contiene una cláusula colectiva ('omnibus clause') mediante la cual se incluye como asegurado a cualquier persona que use dicho vehículo con permiso o autorización del

asegurado nombrado, Alfonso Sánchez, hijo. Habiendo concluido que el menor Morales conducía el automóvil Triumph, así asegurado por TRANSCONTINENTAL, con permiso o autorización del asegurado nombrado en la póliza o sea, Alfonso Sánchez, hijo, y toda vez que la colisión se debió a la culpa de dicho menor Morales, Transcontinental Insurance Co. of New York es responsable de todos los daños, personales y a la propiedad, causados por dicho menor Morales Martínez."

La sentencia dictada declaró con lugar la demanda de Alfonso Sánchez, padre, así como la de Gabriel C. Soler y Lydia Soler Fajardo, y sin lugar la contrademanda de Carlos Morales Martínez y Carlos Morales Berríos y condenó únicamente a Transcontinental Insurance Co. of New York a pagar a Gabriel C. Soler la suma de $1,006.00, a Lydia Soler Fajardo la suma de $727.00 y a Alfonso Sánchez, padre, la suma de $2,500 más las costas sin incluir honorarios de abogado.

De dicha sentencia apelaron la Transcontinental Insurance Co. of New York, los demandados-contrademandantes Carlos Morales Berríos y Carlos Morales Martínez y Alfonso Sánchez, padre.

La Transcontinental Insurance Co. of New York imputa al tribunal sentenciador haber cometido error 1) al resolver que Carlos Morales Martínez, conductor del automóvil Triumph, propiedad de Alfonso Sánchez, padre, era un asegurado adicional (*omnibus assured*) bajo la póliza de responsabilidad pública que dicha compañía tenía expedida sobre el referido automóvil, 2) al condenarla a pagarle a Alfonso Sánchez, padre, $2,500, y 3) al condenarla a pagar los daños y perjuicios sufridos por Gabriel C. Soler y su hija Lydia Soler.

El primer error no fue cometido. Ya hemos dicho que la póliza expedida por la Transcontinental Insurance Co. of New York que cubría el automóvil Triumph, figurando como asegurado Alfonso Sánchez, hijo, contenía una cláusula de cubierta colectiva (*omnibus clause*). El efecto de una cláusula como ésta es el de designar también como asegurado

a toda persona que use el vehículo cubierto por la póliza con el permiso del asegurado específicamente nombrado en ella. Este permiso puede ser expreso o tácito. *Sociedad de Gananciales, etc.* v. *Cruz*, 78 D.P.R. 349. La prueba respecto a si el menor Morales conducía el automóvil Triumph con permiso de Alfonso Sánchez, hijo, fue conflictiva. Sin embargo, el tribunal sentenciador al resolver el conflicto concluyó que Alfonso Sánchez, hijo, había prestado el automóvil Triumph a Morales, hijo, para ir a buscar a un amigo y traerlo a la fiesta que se celebraba en el Club Náutico. Tal determinación está ampliamente sostenida por la prueba y nada en el récord indica que la misma sea claramente errónea, por lo que no la alteraremos en este recurso. *Carrión* v. *Tesorero de P. R.*, 79 D.P.R. 371; *Ortiz* v. *Martorell*, 80 D.P.R. 544.

■ Transcontinental también alega que aceptando que el menor Morales conducía el Triumph con permiso de Alfonso Sánchez, hijo, al momento de ocurrir el accidente dicho menor no tenía el uso real (*actual use*) del automóvil según lo contempla la cláusula colectiva (*omnibus clause*) porque Morales, hijo, se fue para otro sitio. Sin embargo, eso no es lo que revela la prueba. Morales, hijo, se dirigió a la parada 20 donde creía encontrar a su amigo, siguiendo determinada ruta, y al no encontrarlo regresaba al Club Náutico por otra ruta distinta cuando tuvo el accidente. Si hubo una desviación del permiso no era lo suficiente significativa como para excluir a Morales, de la cláusula colectiva. Ello es así porque la desviación fue mínima y no anula el permiso. *Gulla* v. *Reynolds*, 85 N.E.2d 116; *Laroche* v. *Farm Bureau Mut. Automobile Ins. Co.*, 7 A.2d 361.

El segundo error fue cometido porque Transcontinental no responde bajo los términos del contrato de seguro, de los daños sufridos por el automóvil Triumph propiedad del demandante Alfonso Sánchez, padre.

En la póliza expedida por Transcontinental se define al asegurado en la siguiente forma:

"III. Definición de Asegurado.

"Con respecto al seguro por daños personales y daños a la propiedad, la palabra no cualificada 'asegurado' incluye al asegurado nombrado y, si el asegurado nombrado es un individuo, a su esposa si ésta reside en la misma casa, y también incluye a cualquier persona mientras esté usando el automóvil y a cualquier persona u organización legalmente responsable por su uso, siempre y cuando que el uso real del automóvil lo tenga el asegurado nombrado o su esposa o con el permiso de cualquiera de éstos."

■ Algunas de las cláusulas de la póliza se refieren al asegurado nombrado mientras que en otras se menciona solamente al asegurado. Resulta incuestionable que bajo las cláusulas de la póliza que se refieren al asegurado queda incluido el menor Morales Martínez, conductor del Triumph. Esto es así porque cuando en la póliza se usa el término "asegurado nombrado" (*named insured*) se refiere únicamente a las personas específicamente designadas en el contrato;[1] pero cuando el término "asegurado" es usado sin cualificación, dicho término incluye no solamente al "asegurado nombrado" sino que también incluye a las otras personas que están protegidas por la cláusula colectiva (*omnibus clause*).[2]

■ Ahora bien, corresponde determinar si bajo las cláusulas de exclusión que contiene la póliza, ésta se aplicaba a los daños sufridos por el automóvil Triumph. La referida cláusula de exclusión, en lo que nos concierne ahora, reza así:

---

[1] *Trinity Universal Ins. Co.* v. *Woody*, 47 F. Supp. 327; *American Indemnity Company* v. *Davis*, 155 F. Supp. 47; *Fertig* v. *General Acc. Fire & Life Assur. Corp.* 13 N.Y.S.2d 872; *Madison* v. *Steller*, 275 N.W. 703; *Holthe* v. *Iskowitz*, 197 P.2d 999.

[2] *Standard Surety & Casualty Co.* v. *Maryland Gas Co.*, 119 N.Y.S.2d 795; *Arnold* v. *State Farm Mutual Automobile Ins. Co.*, 260 F.2d 161; *Benfante* v. *Commercial Insurance Co. of Newark*, 162 N.Y.S.2d 715; *Connelly* v. *London & Lancashire Indemnity Co.*, 28 A.2d 753; *Holthe* v. *Iskowitz*, supra; *Snyder* v. *United States Mut. Ins. Co.*, 38 N.E.2d 540; *Constanzo* v. *Pa. Threshermen & Farm Mut. Cas. Ins. Co.*, 152 A.2d 589.

"Esta póliza no se aplica:

(*f*) Bajo la cubierta B, a los daños a/o destrucción de propiedad perteneciente a/o transportada por el asegurado, o propiedad arrendada a, o *a cargo del asegurado* que no sea residencia o garage privado averiado o destruido por un automóvil de pasajeros privado cubierto por esta póliza." (Énfasis suplido.)

Nótese que en esta cláusula no se usa el término cualificado "asegurado nombrado" (*named insured*) sino el de "asegurado" (*insured*). Por lo tanto, el "asegurado" a que se refiere era cualquier persona que usara el automóvil con permiso del asegurado nombrado, que en este caso lo era el menor Morales Martínez. Siendo ello así, debemos determinar si el automóvil Triumph era una propiedad a la cual no se le aplicaba la póliza.

Dicha cláusula dispone que la póliza no se aplica, entre otras, a propiedad "*a cargo del asegurado*" (*on property . . . in charge of the insured*). Los hechos de este caso facilitan la definición del aludido término "a cargo del asegurado". El automóvil en cuestión le fue prestado al menor Morales Martínez por el asegurado nombrado en la póliza. Dicho menor obtuvo así no solamente la posesión física del vehículo sino que además lo tuvo bajo su cuidado, dominio y dirección mientras lo usaba, lo que en otras palabras significa que dicho menor estaba a cargo del automóvil hasta que lo devolviera al amigo que se lo prestó. En su consecuencia el referido vehículo era una propiedad incluida en la cláusula (f) y a la cual no se aplicaba la póliza. *Monroe County Motor Co.* v. *Tennessee Odin Ins. Co.*, 231 S.W.2d 386; *Wyse* v. *Dixie Fire & Casualty Company*, 136 So.2d 578; *Speier* v. *Ayling*, 45 A.2d 385; *Aglione* v. *American Automobile Insurance Company*, 143 A.2d 148.

Los recurrentes Carlos Morales Berríos y su hijo Carlos Morales Martínez señalan la comisión de los siguientes tres errores:

"Primer error: En cuanto a la determinación de que la causa próxima del accidente fue la negligencia de Carlos Morales, hijo, (la Núm. 3 de las Conclusiones de Hecho), el Tribunal sentenciador cometió manifiesto error por lo que debió declarar sin lugar la demanda de Gabriel C. Soler y de Lydia Soler Fajardo y con lugar la demanda de Carlos Morales, padre, y Carlos Morales, hijo.

"Segundo error: Asumiendo que la determinación de cuál fue la causa próxima, fuera correcta, el Tribunal cometió error al concluir que Carlos Morales, padre, es responsable de los daños causados por el hijo (la Núm. 11 de las Conclusiones de Hecho).

"Tercer error: Cometió error el Tribunal sentenciador al concluir que los daños sufridos por Alfonso Sánchez asciendan a $2,500.00 (La Núm. 9 de las Conclusiones de Hecho)."

◼ Discutiremos el primero de estos errores más no así los otros dos. La razón es obvia. Si bien el tribunal sentenciador formuló conclusiones al efecto de que Carlos Morales Berríos era responsable de los daños causados por su hijo y que los daños sufridos por Alfonso Sánchez, padre, ascienden a $2,500.00, en la sentencia dictada no se condena a dichos demandados-contrademandantes a pagar indemnización alguna a Soler o a su hija, ni a Alfonso Sánchez, padre. La sentencia pues convirtió en ilusorias, en cuanto a ellos, las conclusiones que ahora atacan ante nos si se considera que Soler y su hija no apelaron de dicha sentencia y que si bien Alfonso Sánchez, padre, apeló,(³) no ha presentado un señalamiento de errores en apoyo de su recurso, razón por la cual el mismo debe ser desestimado. *Estado Libre* v. *Baldrich*, 79 D.P.R. 680; *Martínez* v. *Ramírez*, 64 D.P.R. 517; *Miranda* v. *Echegaray*, 62 D.P.R. 806.

En la discusión de su primer error, los demandados-contrademandantes atacan la conclusión de hecho número 3 al

---

(³) Sánchez, padre, apeló de la sentencia "en tanto en cuanto la misma no condena a los demandados Royal Indemnity Company y Carlos Morales Berríos a pagar al demandante el valor de su automóvil destruido; y en tanto en cuanto no condena a dichos demandados y a Transcontinental Insurance Company of New York a pagar al demandante honorarios de abogado".

efecto de que "el choque de automóvil se debió exclusivamente a la negligencia del menor Carlos Morales Martínez, quien conducía el carro Triumph a una velocidad exagerada, no sonó aparato alguno de alarma al llegar a la intersección con la avenida Luchetti, e intentó cruzarla a pesar de que ya había entrado a la misma el Chevrolet manejado por la señora Soler Fajardo".   En verdad la prueba sobre la forma como ocurrió el accidente fue contradictoria pero el tribunal de instancia resolvió el conflicto en contra de los demandados-contrademandantes.

■ No discuten ellos la corrección de la conclusión respecto a la velocidad exagerada a que corría el automóvil Triumph pero dicen: "Ahora bien, en cuanto a cual de los dos conductores entró primero a la intersección, respetuosamente creemos que el Tribunal sentenciador llegó a una conclusión errónea y precisamente, este es el hecho crucial para la determinación de quien tuvo la culpa en sí."   Considerada en conjunto la prueba, especialmente las declaraciones de los testigos de los demandantes, la naturaleza y sitio del impacto que recibieron ambos vehículos, así como la posición en que quedaron, no consideramos errónea la conclusión atacada y siendo ello así, no la alteraremos en revisión. *Portalatín v. Mena*, 77 D.P.R. 544.

*Por las razones expuestas, la sentencia dictada por el Tribunal Superior será revocada en tanto en cuanto condena a Transcontinental a pagar a Alfonso Sánchez, padre, el valor del automóvil Triumph, y será confirmada en cuanto a los demás extremos.*