JOSÉ M. FERNÁNDEZ, demandante y recurrente, *v.* ROYAL INDEMNITY COMPANY, demandada y recurrida.

Número: AP–62–13     Resuelto: 26 de marzo de 1963

*E. Martínez Rivera,* abogado del recurrente; *Rieckehoff & Vargas* y *Elí B. Arroyo,* abogados de la recurrida.

Sala integrada por el Juez Asociado Señor Pérez Pimentel como Presidente de Sala y los Jueces Asociados Señores Rigau y Dávila.

EL JUEZ ASOCIADO SEÑOR PÉREZ PIMENTEL emitió la opinión del Tribunal.

Éste es un recurso de apelación interpuesto, antes de comenzar a regir las Reglas de Procedimiento Civil, contra una sentencia dictada por el Tribunal Superior, Sala de San Juan, declarando sin lugar la demanda incoada por José M. Fernández contra Royal Indemnity Company en reclamación de daños y perjuicios.

Dicha demanda se fundó en el incumplimiento del contrato de seguro por parte de la demandada al no representar y defender al demandante en un pleito incoado ante el Tribunal de Distrito contra dicho demandante y Royal Indem-

nity Company y en el cual se dictó sentencia en rebeldía contra Fernández condenándole a pagar daños y perjuicios a la allí demandante Carmen Ríos.

Fernández operaba un garaje o estación de gasolina y para protegerse de reclamaciones por daños compró una póliza a la Royal Indemnity Company (Número R.M.G.-52-443, conocida como Garage Liability Policy) cubriendo su responsabilidad civil a favor de terceros con un límite máximo de $10,000 para daños personales a cada persona y $20,000 para cada accidente. Para daños a la propiedad el límite máximo era de $2,000 bajo la cubierta "B".

La señorita Carmen Ríos llevó su automóvil marca Buick al garage o estación de gasolina de Fernández para ser lavado y engrasado. Después de realizado el trabajo y mientras un empleado de Fernández conducía dicho vehículo, negligentemente lo dejó chocar contra otro vehículo, resultando el Buick con averías y desperfectos.

La señorita Ríos demandó a Fernández y a Royal Indemnity Company ante el Tribunal de Distrito, Sala de San Juan, reclamándoles $1,530.00 por los daños ocasionados por el accidente antes mencionado. Fueron emplazados Fernández y la compañía aseguradora codemandada.

La compañía aseguradora contestó a nombre propio negando las alegaciones esenciales de la demanda, entre ellas, el párrafo cuarto de dicha demanda en el que se alegaba que la póliza expedida por ella cubría los daños reclamados. También remitió una carta a Fernández en la que le decía:

"También deseamos notificarle que la demanda de Carmen Ríos por $1,530 contra Ud. y la Royal Indemnity Company ha sido contestada por el Lcdo. Germán Rieckehoff a nombre de Royal Indemnity Company, únicamente por la misma razón de que no tiene protección usted en este caso bajo la póliza expedida por nuestra representada.

"Por tanto sugerimos tome las medidas necesarias para la defensa de sus intereses en estos casos."

Fernández no contestó la demanda, se anotó su rebeldía y el Tribunal dictó sentencia condenando a los demandados a pagar a la demandante la suma de $450, de la cual Fernández respondería de $350 y la otra codemandada de $100 en concepto de depreciación del vehículo averiado.

En este recurso el recurrente Fernández imputa error al tribunal de instancia (1) al "concluir y resolver que el contrato que contiene la póliza RMG–52443 no cubría el accidente de que se trata aquí;" y (2) "al no concluir como cuestión de hecho y de derecho, que aunque el accidente fuera de los excluídos de cubierta, la aseguradora venía obligada no obstante a encargarse de la defensa del demandante".

Es preciso aclarar que Royal Indemnity Company había expedido otra póliza a Fernández bajo el número 277166 de las conocidas como "Garage Keepers Legal Liability Policy". Esta póliza cubría los daños que se le pudieran ocasionar a automóviles propiedad de terceras personas mientras se hallaren bajo la custodia del asegurado. En otro pleito iniciado por la U. S. Casualty Co. contra Fernández, por el mismo accidente, la Royal Indemnity Company pagó $404.20 por los daños sufridos por el automóvil de la señorita Ríos, en cumplimiento de su obligación contraida bajo la referida póliza Núm. 277166.

Independientemente de si Fernández podía relitigar en el pleito contra Royal Indemnity Company la cuestión de que los daños sufridos por el automóvil de la Srta. Ríos no estaban cubiertos por la póliza RMG 52443, cuestión resuelta en su contra por la sentencia ya firme dictada en el pleito seguido ante el Tribunal de Distrito y en el cual Fernández fue una parte demandada, lo cierto es que dicha póliza no cubría los referidos daños.

■ Conforme al inciso (f) de las cláusulas de exclusión la póliza no se aplicaba, bajo la cubierta "B", a los daños o destrucción de propiedad a cargo del asegurado o transportada por éste. Es obvio que el automóvil de la Srta. Ríos,

dejado en el garaje o estación de gasolina de Fernández para ser lavado y engrasado, estaba a cargo del asegurado Fernández y por lo tanto excluido de la cubierta los daños sufridos por dicho automóvil. *Sánchez* v. *Soler Fajardo*, 87 D.P.R. 432 (1963).

■ Es cierto que la indicada póliza contiene una cláusula que obliga a la aseguradora a defender al asegurado en las acciones deducidas en su contra alegando daños o destrucción a la propiedad y que esta obligación subsiste aunque la acción sea infundada, falsa o fraudulenta. Dicha cláusula sirve de base al segundo error señalado. Pero esa cláusula es clara en el sentido de que la indicada obligación la asume la aseguradora respecto al seguro concedido por los otros términos de la póliza bajo las cubiertas A, B y C. (¹)

■ Sin embargo, no es suficiente, para relevar a la aseguradora de su responsabilidad de defender al asegurado, que el daño reclamado no esté cubierto por la póliza. Aunque su deber es defender aquellas acciones que caigan dentro de los términos de la póliza, tal deber se mide, en primer término, por las alegaciones del demandante y si dichas alegaciones establecen hechos que colocan el daño dentro de la cubierta de la póliza, el asegurador tiene que defender irrespectivamente de la responsabilidad que en última instancia tenga el asegurado para con el demandante. Appleman, *Insurance Law & Practice*, Tomo 7a, 4682 y 4683.

En la demanda presentada ante el Tribunal de Distrito por Carmen Ríos contra Fernández y Royal Indemnity Company se alegó:

---

(¹) Dicha cláusula reza así:

"En lo que respecta al seguro ofrecido por los otros términos de esta póliza bajo las cubiertas A, B y D la compañía deberá: (a) defender cualquier acción judicial contra el asegurado en que se aleguen tales daños, enfermedad o destrucción y solicite compensación a causa de ellos, aunque tal acción judicial sea infundada, falsa o fraudulenta, pero la compañía puede hacer la investigación, negociación o transacción de cualquier reclamación o demanda que estime conveniente."

864

"En o alrededor del 7 de abril de 1952, la demandante dejó el automóvil de su propiedad marca Buick licencia número 16-330, en la estación de gasolina del demandado José Fernández, para que lo lavaran y engrasaran." Se alegó además que un empleado del demandado Fernández hizo chocar negligentemente dicho automóvil con una guagua de pasajeros y que a la fecha del accidente el referido demandado estaba asegurado con la demandada Royal Indemnity Co., cubriendo la póliza del seguro daños de la naturaleza de los reclamados.

Los hechos expuestos en esa demanda claramente excluían de la cubierta de la póliza los daños reclamados por tratarse de una propiedad que estaba a cargo del asegurado. *Farmers Co-Op Soc.* v. *Maryland Cas. Co.*, 135 S.W.2d 1033. No debe ser suficiente, para imponer a la aseguradora el deber de defender, la mera alegación de que los daños reclamados están cubiertos por la póliza, si la exposición de hechos contenida en la demanda, establece lo contrario. Véase Appleman, ob. y tomo citados, pág. 447; *Buther* v. *Maryland Cas. Co.*, 147 F. Supp. 391.

Ya hemos visto que la Royal compareció en el pleito incoado por la Srta. Ríos negando que los daños reclamados estuvieran cubiertos por la póliza; que notificó de ello al asegurado informándole que no tenía protección bajo dicha póliza y sugiriéndole además que tomara las medidas necesarias para la defensa de sus intereses. Ante esta actitud de la compañía aseguradora, el asegurado se cruzó de brazos, permitió que le anotaran la rebeldía y que se dictara sentencia en su contra con los demás incidentes procesales que surgen del récord.

Conforme a los hechos y las doctrinas expuestas anteriormente, no cometió error el Tribunal Superior al dictar sentencia declarando sin lugar la demanda de Fernández.

*Dicha sentencia será confirmada.*