ULPIANO VÉLEZ, ETC., EX REL MARCELINO CUADRADO, demandantes y recurrentes, *v.* GARCÍA COMMERCIAL, BRITISH AMERICA ASSURANCE COMPANY ET AL., demandados y recurridos.

Número: R-70-152    Resuelto: 27 de abril de 1972

*Emilio Delgado Roque, Wilfredo Márquez* y *Juan P. Quiñones Rivera,* abogados del Administrador del Fondo del Seguro del Estado; *Agrait-Oliveras & Otero,* abogados de las recurridas.

EL JUEZ ASOCIADO SEÑOR RIGAU emitió la opinión del Tribunal.

Mientras Marcelino Cuadrado realizaba labores de su empleo para su patrono Rexach Construction Co. en la construcción de un edificio, Antonio Vázquez Cruz descargó negligentemente un haz de varillas de acero de un camión en tal forma que un extremo de dicho haz cayó sobre Marcelino Cuadrado. Como consecuencia de esa lesión fue necesario amputarle la pierna izquierda a Cuadrado, por el tercio medio del muslo. El Fondo del Seguro del Estado concedió a Cuadrado una compensación de $9,462.00 por los daños sufridos. Vázquez Cruz es un porteador público de carga y el camión del cual descargó las varillas era de su propiedad. García Commercial, Inc., tenía a su cargo, mediante subcontrato con Rexach Construction, el suministro e instalación de los refuerzos de acero del edificio. Vázquez Cruz transportó las varillas desde los almacenes de García Commercial para ser utilizadas en la obra. Al amparo de lo provisto en 11 L.P.R.A. sec. 32, el Administrador del Fondo, instó demanda contra Vázquez Cruz y su aseguradora, U.S. Casualty Co. y contra García Commercial y su aseguradora The British America Assurance Co.

El tribunal de instancia, luego de desfilada la prueba, dictó sentencia parcial declarando sin lugar la demanda contra García Commercial y su aseguradora y dejó el caso pendiente para ulteriores procedimientos en relación con Vázquez Cruz y su aseguradora. El Administrador del Fondo del Seguro del Estado ha recurrido ante este Tribunal por entender que el tribunal de instancia incidió al resolver (1) que el acarreo y entrega de varillas no envuelve un riesgo de daños previsibles, y (2) que siendo Vázquez Cruz un contratista independiente, el seguro de García Commercial no cubría el accidente.

El primer planteamiento carece de mérito. A tenor con *Barrientos* v. *Gob. de la Capital*, 97 D.P.R. 552 (1969), se impone responsabilidad al principal por la negligencia del

contratista independiente cuando se realiza una "obra inherentemente o intrínsecamente peligrosa" o cuando la obra "en el curso normal de las cosas envuelva riesgos, a menos que se tomen precauciones especiales." Pág. 562. Aunque el caso *Barrientos* y los casos y autoridades allí citadas se relacionan con construcciones, creemos que también se aplicarían a situaciones especiales de transportación, como lo sería el transporte de dinamita. Pero no creemos que sean de aplicación a un caso como el presente que sólo envuelve la descarga de un haz de varillas de acero, aunque se trate de una carga bastante pesada. El riesgo envuelto no es distinto del que envuelve descargar cualquier otra carga capaz de lesionar a un ser humano. En ambos casos, si la carga cae encima de una persona puede causarle daño. No es éste un caso apropiado para imponer responsabilidad a un cargador por actos negligentes de un porteador.

■ La norma general es que la responsabilidad se impone al que causa el daño. Art. 1802, Código Civil, 31 L.P.R.A. sec. 5141. Por excepción se impone responsabilidad al patrono por actos de sus empleados. Art. 1803 del mismo Código, 31 L.P.R.A. sec. 5142. Pero esta excepción no incluye los actos de contratistas independientes, *Padilla* v. *Municipio de Manatí*, 88 D.P.R. 18 (1963), salvo cuando se dan las circunstancias señaladas en el caso *Barrientos*, supra.

■ El contrato de transporte en el presente caso se rige por el Código de Comercio, el cual rige cuando el porteador "se dedique habitualmente a verificar transportes para el público." Art. 267 de dicho Código, 10 L.P.R.A. sec. 1771 (2). Conforme a dicho cuerpo legal "El porteador será responsable de todas las consecuencias a que pueda dar lugar su omisión en cumplir con las formalidades prescritas por las leyes y reglamentos de la administración pública, en todo el curso del viaje y a su llegada al punto a donde fueren destinadas . . . ." Art. 295 Código de Comercio, 10 L.P.R.A. sec. 1799. Armoni-

zando las disposiciones del Código Civil relativas a la responsabilidad por negligencia con la disposición del Código de Comercio antes citada relativa a porteadores públicos, tenemos que concluir que solo el porteador es responsable por los daños que él ocasione a terceras personas. (¹)

El segundo punto levantado por el recurrente envuelve resolver si aun cuando García Commercial no viene legalmente obligada a responder por la negligencia del porteador de sus mercancías, la aseguradora de ella debe responder del accidente por estar el mismo cubierto bajo los términos de la póliza de seguros. La posición del recurrente es que la llamada *omnibus clause* de un contrato de seguros puede incluir contratistas independientes como asegurados adicionales; que en el presente caso están incluidos; y que el porteador es un contratista independiente.

█ No tiene razón. La llamada *omnibus clause* o cláusula colectiva (²) no es otra cosa que la cláusula que define el término "asegurado". Véanse, 12 Couch *On Insurance* 2d, Sec. 45:291. Esta cláusula puede incluir como asegurado, además de a la parte contratante, a cualquier otra persona nombrada en la cláusula, incluyendo contratistas independientes, Id. Sec. 45:305; *Sánchez* v. *Soler Fajardo*, 87 D.P.R. 432, 439 (1963). Las personas o clases de personas nombradas en dicha cláusula están cubiertas por la póliza aunque el asegurado contratante no tenga responsabilidad legal por los

---

(¹) En los Estados Unidos la regla es igual, pero bajo diversas circunstancias también se ha impuesto responsabilidad al cargador o al destinatario. En general véanse: Anno: *Loading or Unloading Cars—Liability*, 102 A.L.R. 514; Anno: *Shipper—Liability—Improper Loading*, 35 A.L.R.2d 609; Anno: *Carrier Unloading Operations—Injury*, 86 A.L.R.2d 1399; Anno: *Automobiles—Objects Transported—Fall*, 91 A.L.R.2d 897. En el presente caso el cargador y el destinatario resultan ser una sola entidad (García Commercial) pero no encontramos ninguna circunstancia de las que se señalan en las anotaciones citadas que justifique impornerle responsabilidad. El porteador fue la única parte negligente y solo él debe acarrear con las consecuencias de sus actos.

(²) *Sánchez* v. *Soler Fajardo*, 87 D.P.R. 432, 437 (1963).

actos de dichas personas. Id. Sec. 45:293. *Pérez* v. *Maryland Casualty Co.*, 78 D.P.R. 475, 484 (1955). Pero en la presente póliza los contratistas independientes no aparecen bajo la cláusula que define el término asegurado (*omnibus clause*) sino bajo las cláusulas relativas a "exclusiones". La importancia de ello estriba en que el porteador en este caso no es un asegurado adicional, sino que la responsabilidad de la aseguradora dependerá de si puede imponerse responsabilidad al asegurado, según veremos a continuación.

Las cubiertas "A" y "B" de la póliza cubren lo relativo a daños personales. La cubierta "A" cubre accidentes que resulten de la posesión, mantenimiento o uso de vehículos de motor. La cubierta "B" cubre accidentes que no sean de automóviles. Ambas cubiertas limitan la responsabilidad de la aseguradora a reclamaciones que el asegurado venga obligado legalmente a satisfacer por daños. Al discutir el primer error vimos que García Commercial no es legalmente responsable de los daños causados por el porteador en este caso.

La cláusula de exclusión "d" tiene el efecto de extender la cubierta "B" a operaciones de contratistas independientes y a la posesión, mantenimiento, operación, uso, carga y descarga de vehículos de motor, si el accidente ocurre fuera de la propiedad del asegurado. Pero hemos visto que la cubierta "B" no cubre accidentes de los cuales no es legalmente responsable el asegurado y, por consiguiente, las operaciones de contratistas independientes y la descarga de vehículos están cubiertas sólo si el asegurado es legalmente responsable de dichas actividades. Sabido es que la responsabilidad de la aseguradora no es absoluta sino que depende de si la póliza cubre el riesgo. *García* v. *Northern Assurance Co.*, 92 D.P.R. 245, 255 (1965); *Almonte de Mejía* v. *Díaz*, 86 D.P.R. 111, 115 (1962). Interpretándose cláusulas similares a las de la póliza del presente caso se resolvió en *American Casualty Co. of Reading* v. *Denmark Foods*, 224 F.2d 461, que las mismas no cubrían un accidente automovilístico de un contratista independiente que

transportaba mercancías del asegurado, ya que el asegurado no era responsable por los actos torticeros de un contratista independiente, a menos que se tratara de una actividad inherentemente peligrosa.

*Se confirmará la sentencia recurrida.*

El Juez Presidente, Señor Negrón Fernández y el Juez Asociado, Señor Martínez Muñoz, no intervinieron.

