**Elliot WAGNER, Plaintiff-Appellant,**

**v.**

**DELTA STEAMSHIP LINES, INC.,**
**Defendant-Third Party Plaintiff-**
**Appellee,**

**T. Smith & Son, Inc., Third Party**
**Defendant-Appellee.**

**No. 72–1785**

**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

Aug. 10, 1972.

---

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Company of

---

Darryl J. Tschirn, New Orleans, La., for plaintiff-appellant.

Andrew T. Martinez, New Orleans, La., for Delta Steamship Lines, Inc.

Maurice C. Hebert, Jr., New Orleans, La., for T. Smith & Son.

Before GEWIN, AINSWORTH and SIMPSON, Circuit Judges.

PER CURIAM:

Wagner appeals from a summary judgment by the District Court dismissing his suit for lack of jurisdiction. We affirm on the basis of recent controlling decisions by the Supreme Court.

Appellant, a longshoreman, filed this action against Delta Steamship Lines, Inc., claiming damages for physical injuries sustained as a result of Delta's negligence and the unseaworthiness of its vessel, the SS DELTA MEXICO. There is no diversity of citizenship between the parties.

Appellant was injured on a dock while operating a forklift machine thereon which was furnished by his employer, T. Smith & Son, Inc., an independent contracting stevedore engaged by Delta to load cargo onto the SS DELTA MEXICO. The vessel was berthed alongside the dock at New Orleans, Louisiana. An alleged defect in the forklift machine caused him to be thrown therefrom, resulting in the injuries of which he complains.

The District Court correctly determined that Victory Carriers, Inc. v. Law, 404 U.S. 202, 92 S.Ct. 418, 30 L. Ed.2d 383 (1971), was controlling of the issues before it. In that case a decision

New York, et al., 5 Cir., 1970, 431 F.2d 409, Part I.

by this Court in favor of an injured longshoreman, under circumstances factually indistinguishable from those asserted by appellant here, was reversed. In the following succinct language the Supreme Court held:

"[T]he threshold issue is whether maritime law governs accidents suffered by a longshoreman who is injured on the dock by allegedly defective equipment owned and operated by his stevedore employer. We hold that under the controlling precedents, federal maritime law does not govern this accident. Nor, in the absence of congressional guidance, are we now inclined to depart from prior law and extend the reach of the federal law to pier-side accidents caused by a stevedore's pier-based equipment." 404 U. S. at 204, 92 S.Ct. at 420, 421.[1]

The above-quoted language is dispositive of this matter.

Affirmed.

---

1. See also Chagois v. Lykes Bros. Steamship Company, 5 Cir., 1972, 457 F.2d 343, on remand from the Supreme Court [404 U.S. 1009, 92 S.Ct. 667, 30 L.Ed.2d 656 (1972)], for further consideration in light of *Victory Carriers*. Cf. Johnson v. Oil Transport Company, 5 Cir., 1971, 440 F.2d 109.

Appellant's attempt to fashion a case under Gutierrez v. Waterman Steamship Corp., 373 U.S. 206, 83 S.Ct. 1185, 10 L.Ed.2d 297 (1963), is unavailing since *Gutierrez* is inapposite under the facts here. The essential facts are not in dispute, and a trial on the merits is neither warranted nor necessary. Respondent was entitled as a matter of law to summary judgment under Fed.R.Civ.P. Rule 56.