Victoria LOPEZ, vda. de Torres et al.,
Plaintiffs,

v.

DELTA STEAMSHIP LINES INC., Defendant and Third-Party-Plaintiffs,

v.

SUCESORES de LUIS AYALA COLON INC. et al., Third-Party-Defendants.

Civ. No. 776-71.

United States District Court,
D. Puerto Rico.

Dec. 26, 1974.

Reichard & Colberg, San Juan, P.R., for plaintiffs.

Bird & Bird, San Juan, P.R., for defendant.

OPINION AND ORDER

TOLEDO, Chief Judge.

On August 2, 1973, defendant Delta Steamship Lines, Inc., filed a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Defendant based its motion on the grounds that at the time of the matters alleged in the complaint, the equipment which allegedly caused the injuries sustained by Angel Torres was under the exclusive control of an independent stevedoring contractor, Sucesores de Luis Ayala Colón, Inc., that no crew member of defendant's ship the SS Delta Uruguay, was in any way engaged in the handling of the cargo, being unloaded from said vessel and, further, that the equipment involved was not part of the vessel nor was it stored aboard the vessel nor in any way attached to that

vessel. As sole authority, defendant relied on Victory Carriers, Inc. v. Law, 404 U.S. 202, 92 S.Ct. 418, 30 L.Ed.2d 383 (1971).

Plaintiffs duly opposed the motion and after receiving written and oral argument from the parties the Court, on February 7, 1974, denied defendant's motion for summary judgment. On February 19, 1974, defendant motioned for a re-hearing of the matter and for a 30-day period within which to produce evidence of the contractual relationship between defendant and Luis Ayala Colón Sucesores, Inc., in order to insure that no genuine issue as to any material fact could remain outstanding. The motion was granted and after several postponements, the rehearing was held on June 28, 1974 at which time defendant filed exhibit "A", a copy of stevedoring contract No. 69/119 between Delta Steamship Lines, Inc. and Luis A. Ayala Colón Sucesores, Inc., and both parties presented oral argument. The Court then took the matter under advisement and now rules on defendant's motion.

After careful consideration, and based on precisely the authority relied upon by defendant, we are of the opinion that defendant is not entitled to summary judgment and that the motion must be denied. In fact, we can not preceive why defendant relied on Victory Carriers, Inc. v. Law, supra, for the holding in that case works to his detriment.

Admittedly, the factual situation in the cited case was very similar to the one before us. The accident occurred on the dock and not on board, the equipment involved was owned and under the supervision and control of the stevedoring contractor, no crew member of the ship was involved in the handling of the cargo and the equipment being used, a fork lift, was not part of the ship's gear nor was it stored in the ship nor in any way attached to it. However, there was a fundamental difference fatal to defendant's motion. In *Victory Carriers*, the action was brought by a longshoreman, an employee of the stevedoring contractor, injured while driving the fork lift, and the action against the shipowner was based on unseaworthiness of the vessel and invoked both diversity jurisdiction under Title 28, United States Code, Section 1332 as well as admiralty jurisdiction under Title 28, United States Code, Section 1333.

The District Court held for petitioner on the ground that plaintiff Law was not engaged in loading the vessel and that the doctrine of unseaworthiness did not extend to him. The Court of Appeals reversed based on Seas Shipping Co. v. Siaracki, 328 U.S. 85, 66 S.Ct. 872, 90 L.Ed. 1099 (1946), and Gutierrez v. Waterman Steamship Corporation, 373 U.S. 206, 83 S.Ct. 1185, 10 L.Ed.2d 297 (1963). On certiorari, however, the U. S. Supreme Court reversed the judgment of the Court of Appeals.

The Supreme Court held that plaintiff Law, under the saving to suitors clause of Title 28, United States Code, Section 1333, could assert his claims under the diversity jurisdiction granted by Title 28, United States Code, Section 1332 as well as under Section 1333 itself, but that under either section, the claim that a ship or its gear was unseaworthy would be rooted in federal maritime law, not state law. Whether federal maritime governed the accident then in turn depended on whether the case lay within the admiralty and maritime jurisdiction conferred on Federal courts by the Constitution and the jurisdictional statutes.

The Supreme Court decided the issue unequivocally stating that federal maritime law does not extend to pier side accidents caused by a stevedore's pier based equipment and that state substantive law governs such an accident. Since plaintiff's claim was based on unseaworthiness of the vessel, and unseaworthiness is rooted on federal maritime law, once state law was found governing, defendant was entitled to summary judgment. See also Wagner v. Delta Steamship Lines, Inc., 465 F.2d 387 (5 Cir. 1972).

■ However, in the instant case it is precisely because state law governs that summary judgment can not be granted. We do not have an issue of federal maritime law before us. The suit was brought exclusively under Title 28, United States Code, Section 1332, invoking diversity jurisdiction. Admiralty jurisdiction under Section 1333 is not involved and no allegation of unseaworthiness has been made that would require that maritime federal law apply in this case. Consequently, the grounds upon which defendant bases its motion for summary judgment, clearly sufficient if the claim had been brought based on unseaworthiness, are completely irrelevant in this case and can not sustain a motion for summary judgment.

Plaintiff's complaint alleges that defendant Delta Steamship Lines, Inc., through its agents, servants and/or employees Sucesores de Luis Ayala Colón, Inc., was operating a fork lift to transport cargo from the SS Delta Uruguay to a warehouse and that defendant's negligence, through its agents, servants and/or employees, caused cargo being transported inside the warehouse to fall upon Mr. Angel Torres causing injuries from which he died. The applicable law is found in Title 31, Laws of Puerto Rico Annotated, Section 5141, which imposes liability on any one who causes damage to another through fault or negligence even when there exists concurrent imprudence on the part of the aggrieved party, and in Title 31, Laws of Puerto Rico Annotated, Section 5142, which imposes liability on an employer for damages caused by employees while discharging their duties. The issue then in this case is whether an independent stevedoring contractor falls within the reach of Section 5142 so that the employer steamship company can be held liable for damages allegedly caused by the contractor.

■ In Barrientos v. Government of the Capital, 97 P.R.R. 539 (1969), the Supreme Court of Puerto Rico adopted what it referred to as "the rule of primary, nondelegable liability of the owner for the negligent acts of an independent contractor" not only in those cases where the work contracted is inherently or intrinsically dangerous, but also when in the natural course of events, the work entails some risk of injury unless special precautions are taken. Id. at page 549. In other words, the rule in Puerto Rico is that as far as inherently dangerous work is concerned, or work that entails some risk of injury unless special precautions are taken, a principal can not escape liability by simply having the work performed by an independent contractor. This rule was reaffirmed in Velez v. Garcia Commercial, 100 D.P.R. 645 (1972), although in that case the Court held that the work involved was neither inherently or intrinsically dangerous nor work which, in the natural course of events, entailed some risks unless special precautions were taken.

Now, according to the National Academy of Sciences-National Research Council, as cited in *Victory Carriers*, supra, 465 F.2d at pages 215 and 218, a 1956 survey disclosed that stevedoring had a higher injury frequency rate than any other high-hazard industry studied and was significantly more dangerous than logging, structural steel erection, work in saw and planing mills and work in general construction. In fact, in *Victory Carriers*, supra, the U. S. Supreme Court stated it did not disagree with the proposition that the occupational hazards of a longshoreman are such that he needs a remedy that dispenses with proof of fault.

■ This Court is therefore of the opinion that the stevedoring work being done by the independent stevedoring contractor Luis A. Ayala Colón Sucesores, Inc. falls under the classification of work for which under Commonwealth law the principal has "primary nondelegable liability" in case of negligent acts of the independent contractor. We hold that stevedoring work must be considered inherently dangerous or, at least, work which entails risk of injury unless special precautions are taken, and thus that if plaintiffs can prove their allega-

tions of negligence on the part of the stevedoring contractor, defendant Delta Steamship Lines, Inc. is liable to plaintiff for any damages proven to have resulted from said negligence.

In view of all the above, defendant's motion for summary judgment is hereby denied.

It is so ordered.