MERIDIAN MUTUAL INSURANCE COMPANY, AN INDIANA CORPORATION *v.* GULF INSURANCE COMPANY

[No. 2-676A236. Filed August 15, 1977.]

*Gil I. Berry, Jr., Buck, Berry, Landau, Breunig & Quinn,* of Indianapolis, for appellant.

*Jim A. O'Neal, Ice Miller Donadio & Ryan,* of Indianapolis, for appellee.

## CASE SUMMARY

BUCHANAN, J.—Plaintiff-Appellant Meridian Mutual Insurance Company (Meridian) appeals from an adverse judgment in a bench trial claiming the judge erred in finding an insurance policy issued by Defendant-Appellee Gulf Insurance Company (Gulf) did not extend coverage to lessees of vehicles from Gulf's insured Cardinal Renting and Leasing, Inc. (Cardinal).

We affirm.

## FACTS

The stipulated facts are:

On November 3, 1973, Thomas W. Simpson (Simpson), who was driving a vehicle rented from Cardinal, struck another car causing damage to both cars and bodily injury to the driver of the other car, Donald W. Clayton (Clayton). No employee or agent of Cardinal was present in the vehicle with Simpson.

Clayton and Cardinal both made claims against Simpson. Meridian, liability insurance carrier for Simpson, settled both claims, paying Clayton Three Thousand ($3,000.00) Dollars for his personal injuries and property damage and Cardinal Six Hundred

Fifty-five and 43/100 ($655.43) Dollars for repairs to its vehicle.

Meridian then brought suit against Gulf claiming Gulf's coverage extended not only to Cardinal but to Simpson and that Meridian therefore should not be responsible for the full amount.

The trial judge found Gulf's coverage did not extend to Simpson.

Meridian's policy insuring Simpson provides in pertinent part:

17.   OTHER INSURANCE--COVERAGES A AND B.

If the insured has other insurance against a loss covered by coverages A or B of this policy the Company shall not be liable under this policy for a greater proportion of such loss than the applicable limit of liability stated in the declarations bears to the total applicable limit of liability of all valid and collectible insurance against such loss; provided, however, the insurance with respect to a temporary substitute automobile, newly acquired automobile or non-owned automobile shall be excess insurance over any other valid and collectible insurance.

An endorsement to Gulf's policy insuring Cardinal provides:

It is hereby understood and agreed that the following provisions apply:

1.   While any automobile is rented to others without the Named Insured or an employee or agent of the Named Insured in attendance, the insurance applies only to the Named Insured as an Insured, and this Insurance shall be excess insurance over any other valid and collectible insurance.

2.   The insurance does not apply, unless specifically requested of and granted by the Company, while the automobile is used for rental to others and the Named Insured or an employee or agent of the Named Insured is in attendance.

The Court made the following Findings of Fact and Conclusions of Law:

The Court having heard argument on this matter now incorporates as findings of fact the stipulations of fact contained in the pleading filed by the parties as file-stamped April 4, 1975.

Based on such findings of fact, the Court concludes as follows:

1.  The Gulf policy does not extend to lessees of vehicles from the Gulf insured, Cardinal Rental & Leasing, Inc.;

2.  Thomas Simpson, as lessee was afforded no coverage by the Gulf policy;

3.  Issues as to the relative obligations as between Gulf and Meridian as to Thomas Simpson are not reached for consideration since Gulf provides no coverage to Simpson;

4.  Meridian is not entitled to any reimbursement from Gulf for any expenditures made under their policy.

WHEREFORE, judgment is entered for the defendant and against the plaintiff on plaintiff's Complaint.

### ISSUES

Meridian presents three issues:

1.  Did the court err in finding Gulf's policy did not extend coverage to lessees of vehicles owned by Cardinal?

2.  Did the court err in failing to find Gulf was primary insurer of Simpson at the time of the accident?

3.  Did the court err in failing to find both Meridian and Gulf were excess insurers of Simpson and therefore responsible for prorated shares of Clayton's and Cardinal's recoveries?

Our disposition of Issue One makes consideration of Issues Two and Three unnecessary.

### DECISION

CONCLUSION--The court did not err in finding that Gulf's policy did not extend coverage to lessees of vehicles owned by Cardinal.

We can only set aside the trial court's judgment and findings if they are "clearly erroneous." TRIAL RULE 52(A).

In construing the language of an insurance policy, our objective is to ascertain and give effect to the intent of the parties to the insurance contract. *The Indiana Life Endowment Co. v. Reed* (1913), 54 Ind. App. 450, 103 N.E.2d 77. In the absence of ambiguous language in the policy, that intent is effectuated by giving the policy terms their plain, usual, ordinary meaning. *State Farm Fire & Cas. Co. v. Ackerman* (1972),

151 Ind. App. 464, 280 N.E.2d 332; *O'Meara v. American States Ins. Co.* (1971), 148 Ind. App. 563, 268 N.E.2d 109.

Gulf's endorsement reflects an explicit and unambiguous intent that the policy cover only Cardinal, the named insured. Giving the language of the endorsement its plain, usual, ordinary meaning, the only reasonable interpretation is that if a vehicle is rented and an employee of Cardinal is not in attendance at the time of the accident, the coverage provided extends only to liability incurred by Cardinal (if any), *not* to liability incurred by the lessee driver. Meridian fails to come to grips with this unequivocal limitation on the coverage.

Although we find no Indiana case interpreting a similar provision, in *Mire v. Fidelity and Cas. Co.* (La.App. 1965), 177 So.2d 588, a case in which a taxi company rented a vehicle without an employee of the company as driver, a similar endorsement to Gulf's was held to clearly and unambiguously deny coverage to the lessee of the vehicle. It further held that such a provision was not against public policy. *See also Matt v. Hartford Accident and Indemnity Co.* (La. App. 1968), 212 So.2d 284; *Jeffries v. General Cas. Co.* (1955), 46 Wash.2d 543, 283 P.2d 128; G. COUCH, CYCLOPEDIA OF INSURANCE LAW (2d ed. R. Anderson), 13, §§ 45:996-45:1000 (1965).

Thus, we need not consider Meridian's contentions that Gulf is the primary insurer of Simpson or at the very least both policies provide excess insurance to Simpson.

The judgment of the trial court is affirmed.

Sullivan, P.J. and Robertson, C.J. (by designation) concur.

NOTE — Reported at 366 N.E.2d 190.