M. A. CARIBBEAN CORP. y GREAT SOUTHWEST FIRE INSURANCE COMPANY, demandantes y recurridas, *v.* CARIBBEAN RUSTPROOFERS, INC. y GUARANTY INSURANCE COMPANY, demandadas y recurrentes.

*Número:* R-83-561    *Resuelto:* 24 de octubre de 1984

*Ramón Lloveras Otero*, de *Lloveras & Quilichini*, abogado de la recurrente Guaranty Insurance Co.; *Federico Ramírez Ros*, de *Ramírez, Segal & Latimer*, abogado de las recurridas M. A. Caribbean Corp. y Great Southwest Fire Ins. Co.; *Rolando Cruz*, abogado de la recurrida Caribbean Rustproofers, Inc.

PER CURIAM: M. A. Caribbean Corp. (Caribbean) entregó un camión de remolque a Caribbean Rustproofers, Inc. (Rustproofers) para que le diera un tratamiento anticorrosivo. El camión fue hurtado mientras estaba en posesión de Rustproofers.

Great Southwest Fire Insurance Company (Great Southwest) había expedido una póliza a favor de Caribbean que cubría parcialmente el valor del vehículo. Great Southwest pagó a Caribbean parte de la pérdida sufrida y se subrogó parcialmente en los derechos de ésta. Caribbean y Great Southwest demandaron entonces a Rustproofers y a Gua-

ranty Insurance Company (Guaranty), aseguradora de Rustproofers, por la pérdida sufrida.

Al entregarle el camión remolque a Rustproofers, Caribbean había obtenido un recibo en que se acordaba:

> You further agree that the aforesaid chassis has been delivered to you in a new and/or undamaged condition and that you will take good care of the said chassis, protect it against all loss or damage including, but not limited to, loss or damage due to natural causes, the elements, vandalism, calamity, casualty, negligence of any person or otherwise, *and you agree to be responsible for any loss or damage to the above chassis from whatever cause while the same, is in your possession or under your control.* (Énfasis nuestro.)

La póliza entre Rustproofers y Guaranty a su vez disponía:

> The Company will pay on behalf of the insured all sums *which the insured shall become legally obligated to pay as damages because of:*
>
> . . . . . . . .
>
> B. theft or larceny
>
> . . . . . . . .
>
> occurring while such automobile or other property is in the custody of the insured for safekeeping, storage[,] service or repair. (Énfasis nuestro.)

La responsabilidad de Guaranty estaba sujeta a la siguiente cláusula de exclusión:

> This insurance does not apply:
>
> (a) to liability of insured under any agreement to be responsible for loss.

Tras varios incidentes, el tribunal de instancia dictó sentencia sumaria parcial en que determinaba que la cláusula de exclusión citada era confusa, vaga y ambigua y que, en consecuencia, no liberaba a Guaranty de responsabilidad. Guaranty ha recurrido a este foro.

La referida cláusula de exclusión es una cláusula que se inserta a menudo en los contratos de seguro por

responsabilidad. El propósito de este género de cláusula —existen varias versiones de ella— es limitar la cubierta de la póliza al campo cuasidelictivo. 12 *Couch on Insurance* Secs. 44A:35; 44A:37; 45:108, págs. 55, 58–59, 343 (ed. rev. 1981). Cuando se desea que la póliza abarque también la responsabilidad contractual se elimina la exclusión y se paga una prima más alta. Comentario, *Effect of Clause in Liability Insurance Policy Excluding Coverage for Contractual Indemnity Liability*, 25 Fordham L. Rev. 714 (1957). Cuando el asegurado responde en una situación determinada tanto contractual como cuasidelictivamente, la cláusula de exclusión contractual no exime al asegurador de su responsabilidad en daños y perjuicios. La cláusula de exclusión contractual tampoco libera a las compañías de seguros cuando la obligación asumida por el asegurado es coextensiva con la obligación legal de la cual sería responsable ordinariamente. Couch, *op. cit.*, págs. 58–59.

La cuestión a resolver en este pleito es, por lo tanto, si al expedirle Rustproofers a Caribbean el recibo de garajista que hemos citado se obligó más allá de lo que la ley le impone, si la responsabilidad contractual contraída por Rustproofers excede su responsabilidad ordinaria.

La cuestión ha sido objeto de consideración por este Tribunal. Cuando Caribbean le entregó a Rustproofers el camión de remolque surgió entre las partes una relación de depositante y depositario. El depositario, salvo pacto en contrario, sólo responde por la pérdida del objeto que se le entrega cuando no cumple con su deber de guardar la cosa como un buen padre de familia. Si el depositario logra establecer que no medió negligencia de su parte, él y su compañía de seguros quedan liberados de responsabilidad. *American Sec. Ins. Co.* v. *Ocasio*, 102 D.P.R. 166 (1974); *P.R. & American Ins. Co.* v. *Durán Manzanal*, 92 D.P.R. 289 (1965).

Lo que sucedió en este caso fue que Rustproofers, al acordar el contrato de recibo con Caribbean, amplió su

responsabilidad legal hasta convertirla en absoluta. Bajo los términos del recibo aquí transcrito, Rustproofers se obligó a resarcir a Caribbean por la pérdida del vehículo, sin importar la causa. La responsabilidad de Guaranty, sin embargo, estaba limitada por la cláusula de exclusión a la responsabilidad extracontractual de Rustproofers. Dados estos hechos, era improcedente dictar sentencia sumaria parcial para responsabilizar a Guaranty bajo cualquier circunstancia, y anular el impacto de la cláusula de exclusión.

En resumen, Rustproofers asumió responsabilidad absoluta frente a Caribbean y su sucesora en interés, Great Southwest. Guaranty sólo asumió responsabilidad por los actos cuasidelictivos de Rustproofers o aquellos en exceso de su responsabilidad legal. Rustproofers les responde a Caribbean y a Great Southwest de modo absoluto por el hurto del camión de remolque. Guaranty responde tan sólo en caso de determinarse que Rustproofers faltó torticeramente a su obligación de guardar el camión de remolque como un buen padre de familia.

*Se revocará la sentencia parcial recurrida y se devolverá el caso a instancia para procedimientos ulteriores compatibles con esta opinión.*

El Juez Asociado Señor Rebollo López disiente sin opinión.